

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. J. F. Lindsey
County Attorney
Jones County
Box 52
Anson, Texas

Opinion No. O-7026
Re: Liability of Jones County to the
REA for expenses of removing the
present REA line which is now
within the designated Farm-to-
Market right-of-way.

Dear Mr. Lindsey:

Your request for an opinion by this Department upon the above-captioned subject-matter is in part as follows:

"The State Highway Department has awarded a contract for a Farm-to-market road going East from Stamford, Texas, in Jones County and known as project FM 145. Under the setup of appropriation for the money to build and maintain these roads by the State Highway Department, the county is to furnish right of way and such contract has been entered into between Jones County and the Highway Department.

"The REA has a line and are supposed to have their assessments filed for record of some six or eight miles which when the right of way for this road was widened and their line is within the Highway right of way as now widened. The REA claims that it is not liable nor even responsible for the moving of their line out of this highway but that it is the county's responsibility.

"The question for decision:

"'Is it the responsibility of Jones County or is it the responsibility of the REA to move the present REA line which is now within the designated Farm-to-market right of way?'"

We are unable to answer your question "yes" or "no", because of the meager statement of facts contained in your letter. Ordinarily, we would not attempt to answer in the absence of such further information, but in view of your urgent request for an immediate reply, we are answering in such a way as we hope will serve your purpose.

First, we think there is no doubt but that the county may lawfully acquire the needed strip for the purposes of the Farm-to-Market road. (Chicago R. & I. & G. Ry. Co. v. Tarrant County Water Control District, 73 S.W. (2) 55; 16 Tex. Jur. p.

595 § 28, and authorities there cited). It may acquire that strip in either of two ways:

(a) By condemnation, to which proceeding the REA is a necessary party; or,

(b) By agreement of parties upon any consideration valuable and satisfactory.

In case of condemnation, of course, for constitutional reasons the property of the REA may not be taken without adequate compensation to be determined under the ordinary rules of condemnation proceedings. In the nature of things the damages recovered by the REA would include the element of removing their poles and equipment therefrom, and re-installing it elsewhere. So, also, in the event of purchase, the same element would enter into the agreement. In either event, the county will have notionally paid for such removal as a part of the damages upon condemnation or purchase agreement.

Your question is not, therefore, merely at whose expense must the removal be made, but it is a larger question of acquiring the added strip and paying the necessary damages or contract sum therefor; in either event, as above shown, necessarily including the lesser element (possibly the sole one) of the removal of the poles and other equipment.

We may add, incidentally, whether you acquire this needed strip by condemnation or purchase, terminating, as it apparently will, the easement of the REA, the fee owners also would be necessary parties to the condemnation proceeding, or the negotiated purchase, whichever method may be pursued.

We trust that what we have said will be sufficient as a basis for consummating this project.

APPROVED JUNE 22, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY
GENERAL

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ Ocie Speer
Ocie Speer, Assistant

APPROVED: OPINION COMMITTEE
BY: BWB, CHAIRMAN

OS:MR:vb